# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MICHELLE ANDRE, | ) |
| Plaintiff, | ) CASE NO. 8:21-cv-01139 |
| v. | ) CREDIT CONTROL, LLC'S |
| | ) ANSWER AND AFFIRMATIVE |
| CREDIT CONTROL, LLC, | ) DEFENSES |
| Defendant. | ) |

## CREDIT CONTROL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Credit Control, LLC ("Credit Control"), by and through its counsel, hereby answers the Complaint of Plaintiff, Michelle Andre ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

1. Credit Control admits that Plaintiff is seeking redress for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §1692 *et seq.*, but denies any liability under same and denies it violated the FDCPA.

2. The terms "communicate" and "third-party" cause this paragraph to state legal conclusions to which no answer is required. To the extent a response is necessary, Credit Control denies each and every allegation of this paragraph.

3. This paragraph states legal conclusions to which no answer is required. Credit Control admits that it is a nationwide debt collection company. Credit Control denies the allegations in the remainder of this paragraph.

## JURISDICTION AND VENUE

4. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

5. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

## PARTIES

6. Credit Control lacks sufficient information to form a belief as to some of the allegations set forth in this paragraph concerning the residency of the Plaintiff, and therefore denies the same. The remainder of this paragraph states a legal conclusion to which no response is required. To the extent a response is necessary to the remaining allegations, Credit Control is without sufficient information to admit or deny the allegations of this paragraph and accordingly denies the allegations of this paragraph.

7. Credit Control admits it is a limited liability company, that it is organized in Missouri, its principal address is in Missouri, and it does business in the State of Florida. The remainder of this paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

8. Credit Control admits this paragraph to the extent that it admits it engages in the business of collecting debts and that it uses various media to do so and, upon information and belief, it sent at least one letter to Plaintiff. To the extent the

remainder of this paragraph uses the terms "debt collector" or "communication," such wording constitutes a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control is without sufficient information to admit or deny the the remainder of this paragraph and accordingly denies same.

9. Paragraph 9 states legal conclusions to which no answer is required. To the extent that an answer is required, Paragraph 9 does not describe in what context Credit Control "acted" or identify the alleged "conduct," and accordingly cannot be answered. Credit Control specifically denies it has ever acted "with the conscious disregard of the rights of others," and denies the conduct alleged in the remainder of the Complaint as more fully set out in the responses below. To the extent an answer is required to the additional allegations of this paragraph, Credit Control denies each and every allegation not specifically admitted.

## CLASS ACTION ALLEGATIONS

10. Credit Control admits Plaintiff is seeking to certify a class. Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class and/or that Plaintiff or any member of the alleged class suffered injury or damages.

11. This paragraph recites a boilerplate legal conclusion concerning the certification of a class, and therefore requires no response. To the extent a response is required, Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of

the alleged class suffered injury or damages, and denies the remaining allegations of this paragraph.

12. This paragraph recites a boilerplate legal conclusion concerning the certification of a class, and therefore requires no response. To the extent a response is required, Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the FDCPA, and denies it "communicated" with any third-party in connection with the collection of a debt, and denies the remaining allegations of this paragraph.

13. This paragraph recites a boilerplate legal conclusion concerning the certification of a class, and therefore requires no response. To the extent a response is required, Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, and denies the remaining allegations of this paragraph.

14. This paragraph recites a boilerplate legal conclusion concerning the certification of a class, and therefore requires no response. To the extent a response is required, Credit Control lacks sufficient information to form an opinion as to the truth of what Plaintiff may or may not do in the future, and therefore denies the allegations of this paragraph.

15. Credit Control reiterates the response to paragraph 12 as if fully set out herein. The remaining allegations of this paragraph constitute a boilerplate legal

conclusion concerning the certification of a class, and therefore require no response. To the extent a response is required, Credit Control denies the alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, and denies the remaining allegations of this paragraph.

16. This paragraph constitutes a boilerplate legal conclusion concerning the certification of a class, to which no response is required. To the extent a response is necessary, Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, and denies the remaining allegations of this paragraph.

17. This paragraph constitutes a boilerplate legal conclusion concerning the certification of a class, to which no response is required. To the extent a response is necessary, Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, and denies the remaining allegations of this paragraph.

18. This paragraph constitutes a boilerplate legal conclusion concerning the certification of a class, to which no response is required. To the extent a response is necessary, Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of

the alleged class suffered injury or damages, and denies the remaining allegations of this paragraph.

19. This paragraph constitutes a boilerplate legal conclusion concerning the certification of a class, to which no response is required. To the extent a response is necessary, Credit Control specifically denies it has or will continue to violate any persons' rights, that any persons have suffered or will continue to suffer any loss of rights or monetary damages, denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, and denies the remaining allegations of this paragraph.

20. This paragraph constitutes a boilerplate legal conclusion concerning the certification of a class, to which no response is required. To the extent a response is necessary, Credit Control denies the "actions" alleged in this Complaint, denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, and denies the remaining allegations of this paragraph.

## **FACTUAL ALLEGATIONS**

21. Credit Control states that the letter or letters represented by Exhibit A speaks for itself. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies this paragraph.

22. Credit Control admits that Plaintiff incurred a debt. Credit Control lacks sufficient information to form a belief as to the remaining factual allegations of this paragraph, and therefore denies the same. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies this paragraph.

23. Paragraph Credit Control admits this paragraph to the extent that it admits it was not the original creditor and the debt was placed with it for collection.

24. Credit Control admits this paragraph to the extent that it admits it sent a letter to Plaintiff notifying her of the account. The use of the words "communicating" and "third-party" are legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the remaining allegations of this paragraph and denies the characterization of the use of a "third-party mail processing company".

25. Credit Control admits that the letter in this matter has a return address of P.O. Box 51790, Livonia, MI. 48151-5790. The use of the word "third-party" in this paragraph constitutes a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

26. Credit Control admits this paragraph to the extent that it admits that Plaintiff's name, address, and that Plaintiff owed Defendant $1,805.01 were contained in the letter that was sent to Plaintiff. Credit Control explicitly denies it engaged in any illegal conduct or practice. The remainder of this paragraph, including the use of the terms "disclosed" and "personal and sensitive information" constitute legal

conclusions to which no response is required. To the extent a response is necessary, Credit Control denies all allegations of this paragraph not specifically admitted.

27. Credit Control admits this paragraph to the extent it admits it caused a collection letter to be sent to Plaintiff concerning her debt. The remainder of this paragraph, including any implications to be drawn from any previous paragraphs concerning the term "the mail processor," as well as the terms "instructed" and "personal information," imply or constitute legal conclusions to which no response is necessary. To the extent a response is required, Credit Control denies the allegations of this paragraph not specifically admitted.

28. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

29. This paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph, denies that it "communicated" and denies any company assisting with the mailing of correspondence was a "third-party", and denies each and every allegation regarding the "motivation" and objective". To the extent any allegation has not been denied, Credit Control denies that allegation.

30. The use of the terms "consent," "communicate," and "third parties," in the first sentence of this paragraph constitute legal conclusions to which no response is necessary. The remainder of this paragraph constitutes a boilerplate recitation of

legal conclusions to which no response is necessary. To the extent a response is required, Credit Control denies the allegations of this paragraph.

31. This paragraph constitutes a boilerplate recitation of legal conclusions to which no response is necessary. To the extent a response is required, Credit Control denies the allegations of this paragraph.

32. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph inconsistent with the ruling of the 11th Circuit.

33. The status of a company as a "third-party" is a legal conclusion to which no answer is required. Credit Control Specifically denies it conveyed information to any "third party" as it understands these terms. Credit Control denies that any company it uses to assist in mailing correspondence constitutes a third-party as it understands the term. Credit Control denies that it "conveyed information to" as it understands the phrase. Credit Control lacks sufficient information to form a belief as to the allegations set forth in the remainder of this paragraph, and therefore denies the same.

34. Paragraph 34 states legal conclusions to which no answer is required. To the extent that an answer is required, Credit Control specifically denies it "conveyed information" to any "third party," and denies the remaining allegations of this paragraph except that Credit Control is without sufficient information to admit whether Plaintiff provided consent as described and accordingly denies this allegation.

35. The first sentence of this paragraph states a legal conclusion to which no response is required. The remaining allegations of this paragraph contain allegations about which Credit Control lacks sufficient information to form a belief as to their truth. To the extent a response is necessary, Credit Control specifically denies it engaged in the conduct described, and denies the remainder of this paragraph.

36. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

## COUNT I

## THE FDCPA

37. Credit Control admits that Plaintiff is seeking redress for alleged violations of the FDCPA, but denies any liability, denies it violated the law, and denies Plaintiff sustained any cognizable injury or damages.

38. Credit Control reincorporates the statements, responses, and denials contained in all previous paragraphs above as if fully set out herein.

39. Credit Control admits this paragraph to the extent that it admits it engages in the business of collecting debts and that it uses various media to do so. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

40. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control specifically denies the conduct alleged, and denies the remaining allegations of this paragraph.

41. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control specifically denies it engaged in the conduct described, and denies it violated the FDCPA, and denies the remaining allegations of this paragraph.

42. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control specifically denies it engaged in the conduct described, denies it violated the FDPCA, and denies the remaining allegations of this paragraph.

43. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control specifically denies it engaged in the conduct described, denies it violated the FDPCA, denies Plaintiff or any other person is entitled to any damages, denies the alleged class exists or that its alleged members are entitled to any damages, and denies the remaining allegations of this paragraph.

44. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

45. Credit Control admits Plaintiff has retained Plaintiff's Counsel. Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any

member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages.

## DEMAND FOR A JURY TRIAL

(Unnumbered Paragraph) This Paragraph is a jury trial demand to which no response is necessary. Credit Control further denies that Plaintiff is entitled to any of the relief listed in the nonsequentially-numbered "Prayer for Relief" that precedes the Jury Trial Demand.

## AFFIRMATIVE DEFENSES

I. To the extent a violation of the law occurred, which is expressly denied, such violation as the result of a bona fide error despite the adoption of procedures reasonably designed to prevent such an error.

II. Plaintiff's damages, if any, were pre-existing and were not caused by Credit Control.

III. Plaintiff failed to mitigate her claimed damages, if any.

IV. To the extent that an arbitration clause exists, Defendant asserts this action should be brought in arbitration and reserves the right to file a motion to compel arbitration.

V. Please in the alternative, and while denying any violation of the law and the conduct as alleged against Credit Control, to the extent that Defendant's records, or records with the original creditor demonstrate that Plaintiff provided prior express consent for Credit Control's alleged conduct in this case, that alleged conduct is not a violation of the FDCPA.

VI. Plaintiff proximately caused her own damages, if any.

VII. Plaintiff has not suffered a concrete injury-in-fact, and therefore lacks standing.

VIII. Plaintiff has failed to state a claim upon which relief may be granted.

IX. Plaintiff's damages, if any, are the result of the actions of third parties over whom Credit Control has no control.

X. Credit Control acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Credit Control is found to be unlawful, which Credit Control expressly denies, such conduct was not willful and should not give rise to liability.

WHEREFORE, Defendant Credit Control, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Sangeeta Spengler
Sangeeta Spengler, Esq.
FBN: 0186864
/s/ Dale T. Golden
Dale T. Golden, Esq.
FBN: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Direct: (813) 251-3661
Fax: (813) 251-3675
spspengler@gsgfirm.com
dgolden@gsgfirm.com